UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CURTIS I. BALLARD,

Plaintiff,

DECISION AND ORDER

03-CV-6090L

v.

MICHAEL J. ASTRUE [1] as Commissioner
of the Social Security Administration,

Defendant.

_____

On January 19, 2007, plaintiff Curtis Ballard ("plaintiff"), a prevailing party in this action for Social Security benefits, moved for an order awarding costs and attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Plaintiff's attorney, Andrew Rothstein, ("Rothstein"), seeks EAJA fees in the amount of $14,052.50, based on 91.25 hours of attorney time at a rate of $154.00 per hour.

The Commissioner does not challenge either Rothstein's right to an award of EAJA fees, or the hourly rate claimed, but argues that the amount of time expended was excessive, and should be reduced substantially. I find that, with one exception discussed below, Rothstein is entitled to the requested fees under the EAJA.

_____

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security and is substituted for Commissioner JoAnne B. Barnhart as defendant in this action. FED. R. CIV. P. 25(d)(1).

**DISCUSSION**

Under the EAJA, a prevailing party in a Social Security benefits case may be awarded fees payable by the United States if the Government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). EAJA fees are determined by examining the amount of time expended on the litigation and the attorney's hourly rate, which is capped by statute. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. § 2412(d)(2)(A). The Court must determine if the hours expended and the rates charged are reasonable, and the fee applicant has the burden to establish the reasonableness of both. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Alnutt v. Cleary*, 27 F.Supp.2d 395, 399 (W.D.N.Y.1998).

There is no dispute that the Government's position in this case was not "substantially justified," and the Government concedes that.[2] At issue is whether the fee sought is "reasonable." The Court has broad discretion to determine what amount of time is "reasonably" expended. *Aston v. Secretary of Health and Human Servs.*, 808 F.2d 9, 11 (2d Cir.1986).

---

[2] On appeal, the Commissioner originally moved for judgment on the pleadings arguing that substantial evidence supported the ALJ's determination that plaintiff was not disabled, and not entitled to benefits (Dkt. #5). After plaintiff cross-moved to remand solely for the calculation and payment of benefits (Dkt. #8), the Commissioner filed a reply, maintaining that there were no errors and continuing to seek affirmance (Dkt. #9). On September 13, 2004, the Court issued a decision remanding the case to the Commissioner pursuant to the sixth sentence of 42 U.S.C. § 405(g) to take additional evidence regarding plaintiff's claim that reversal was required because of ALJ Russell's general bias. On November 30, 2005, the Commissioner issued a document entitled "In Re: Bias Allegations Against ALJ Franklin Russell - Final Agency Decision." The Commissioner determined that a number of claimants, including plaintiff, were denied their rights to full and fair hearings based on the manner in which ALJ Russell decided their cases. The Commissioner ordered new hearings before different ALJs in plaintiff's case, as well as a number of other cases. On October 18, 2006, a new hearing was held before a different ALJ, who issued a decision on October 27, 2006, finding that plaintiff was disabled under the Act as of August 28, 1996.

The parties are in some agreement regarding the fees at issue.  The Commissioner agrees that Rothstein is entitled to collect fees based on 13.9 hours of work performed in connection with the federal court proceedings between February 25, 2003 (when the complaint was drafted) and September 14, 2004 (when the Court remanded the case).  In addition, the Commissioner does not dispute that Rothstein is entitled to fees for approximately 21.95 hours[3] of work performed on remand at the administrative level, and 8.6 hours spent on the instant motion for EAJA fees.[4]

The dispute here concerns whether Rothstein should be compensated for time spent on motions filed in federal court *after* the case was remanded for further administrative proceedings. Rothstein's time records indicate that he spent 46.8 hours in connection with two such motions.[5] The motions related to the allegations of ALJ Russell's bias and the sufficiency of the Commissioner's investigation on remand.

This case was not an "average" Social Security case involving typical claims of legal error under the Social Security Act and regulations.  Instead, it presented very serious claims related to the "general bias" of an Administrative Law Judge ("ALJ"), ALJ Franklin T. Russell, and plaintiff's constitutional right to due process and a fair hearing.

---

[3] In his application, Rothstein claims to have spent 18.55 hours at the administrative level on remand, which work is listed separately from the work performed in federal court. A time entry dated May 10, 2006, for 3.4 hours of administrative work also should be included here.  Rothstein mistakenly included this entry in his listing of services performed in federal court.

[4] Rothstein seeks fees for time spent on the amended fee motion only.

[5] The Commissioner also objected to the sufficiency of certain time entries on Rothstein's statement for services. I find this objection to be without merit.  In determining fee awards, the Court is not required to scrutinize in detail every action taken nor the time spent on it. *See Aston*, 808 F.2d at 11.  In any event, Rothstein's records contain sufficient information for the Court to make requisite findings regarding the reasonableness of the fee under the EAJA.

As can be gleaned from the two prior decisions of the Court in this and a related case, *Pronti v. Barnhart*, 339 F.Supp.2d 480, 497 (W.D.N.Y. 2004) ("*Pronti I*") and *Pronti v. Barnhart*, 441 F.Supp.2d 466 (W.D.N.Y. 2006) ("*Pronti II*"), this was anything but the "usual" Social Security case.  Indeed, the issues plaintiff raised regarding the bias of ALJ Russell and the Commissioner's investigation into bias were extraordinary, as was the Commissioner's Final Agency Decision regarding ALJ Russell, discussed in *Pronti II*.  Familiarity with the Court's previous decisions in *Pronti I* and *Pronti II* is presumed.

On October 4, 2005, after more than a year had elapsed since the Court issued *Pronti I*, but before the Commissioner issued the Final Agency Decision, plaintiff filed a motion requesting that the Court restore the case to its calendar, exercise jurisdiction over the due process claims, permit discovery, and consider the bias issue *de novo*. (Dkt. #11).

On February 16, 2006, after the Commissioner issued the Final Agency Decision, plaintiffs filed a motion seeking declaratory relief pursuant to 28 U.S.C. § 2201(a), that ALJ Russell is and was "generally biased" against all Social Security claimants.  Plaintiff asked the Court to determine that the Commissioner failed to provide full and fair hearings to *all* claimants, past and present, whose cases were decided by Russell.[6] (Dkt. #19).

On August 3, 2006, the Court denied both motions for the reasons set forth in *Pronti II*.  The Commissioner maintains, therefore, that the time expended by Rothstein in connection with these

---

[6]  Plaintiff filed a third motion on March 13, 2006, seeking a preliminary injunction to enjoin the Commissioner from taking any further administrative action relative to his claim for disability benefits (Dkt. #21).  In the first motion for attorneys fees, Rothstein requested compensation under the EAJA for the work on the preliminary injunction motion.  In the amended motion, however, Rothstein concedes that he should not be compensated for hours spent on the preliminary injunction motion and he has deleted all time entries on his statement for services that were related to it.

motions should not be compensated under the EAJA because neither was successful nor advanced plaintiff's case in any material respect. (Dkt. #29).  Rothstein argues that, although the Court denied the post-remand motions, their filing prompted the Commissioner to take action on remand that was favorable to plaintiff.

I find that Rothstein should be compensated for the time spent on the motion to restore jurisdiction (Dkt. #11), but not for the time spent on the motion for declaratory judgment (Dkt. #19). It was not until plaintiffs filed the motion to restore jurisdiction and asked the Court to deem the Commissioner's procedures for handling claims of "general bias" inadequate, that the Commissioner issued its Final Agency Decision.  Although the Commissioner had completed the investigation of the bias allegations more than a year before, it had not issued a final decision on the merits of the bias allegations, nor determined the remedy for affected claimants, like plaintiff.  In the end, plaintiff's case was remanded for a new hearing based on the bias investigation.  It appears, then, that plaintiff's efforts in this regard contributed to the overall success achieved in his case.

I find, however, that Rothstein should not be compensated under the EAJA for the time he expended on the motion for declaratory judgment.  Plaintiff asked the Court to determine that ALJ Russell was "generally biased" against *all* past and present Social Security claimants.  As I concluded in *Pronti II*, at the time this motion was filed, plaintiff had no case or controversy ripe for determination that justified the declaratory relief he sought. *See Pronti II*, 441 F.Supp.2d at 476. Moreover, without any legally cognizable interest in the outcome, plaintiff had no basis whatsoever to seek relief on behalf of *all* claimants whose cases were decided by ALJ Russell. *Id.*

Accordingly, I conclude that approximately one-third of the time spent on the two post-remand motions, that is 15.6 hours of the 46.8 hours, can be reasonably attributed to the motion to restore jurisdiction, and should be compensated.

Rothstein should, therefore, be compensated for a total of 60.05 hours at the hourly rate of $154.00, for an EAJA award of attorneys fees in the amount of $9247.70, plus costs in the amount of $150.00, for a total sum of $9397.70.

## CONCLUSION

Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Dkt. #27 and #30), is granted in part.

Plaintiff's attorney is entitled to fees in the amount of $9247.70, plus costs in the amount of $150.00, for a total sum of $9397.70.  The award is to be made payable to Andrew M. Rothstein, Esq., counsel for plaintiff.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       April 27, 2007.

- 6 -